**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000786
29-JAN-2020
08:01 AM**

NO. CAAP-16-0000786

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
ALEXANDER W. EWART, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-1065)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

In this case, Defendant-Appellee Alexander W. Ewart (**Ewart**) is charged with the offense of Habitually Operating a Vehicle Under the Influence of an Intoxicant (**Habitual OVUII**) in violation of Hawaii Revised Statutes (**HRS**) §§ 291E-61.5(a)(1) and 291E-61.5(a)(2)(A) and/or §§ 291E-61.5(a)(1) and 291E 61.5(a)(2)(C) (2007 & Supp. 2018).

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Statement, SFST, and Breath Test (**Suppression Order**) filed on October 10, 2016 in the Circuit Court of the First Circuit (**Circuit Court**).[1] In the Suppression Order, the Circuit Court,

---

[1] The Honorable Glenn J. Kim presided.

*inter alia,* suppressed all evidence regarding a breath test taken by Ewart.

On appeal, the State asserts the following points of error:

1. The circuit court erred in Conclusions of Law part III(A) and (B) and Order that the standard HPD Implied Consent Form "does not comply with the requirements and mandate of HRS Sections 291E-11, 291E-15, and 291E-65, read in *pari materia*", because it does not give an OVUII suspect an "unencumbered choice to refuse to submit to a test for alcohol concentration" and that therefore any purported consent given by an OVUII suspect pursuant to that form is "null and void"[.]

2. The circuit court erred in concluding in Conclusions of Law part III(C) and Order that "burdening an arrestee's election to refuse with *any significant sanctions* cannot help but render any subsequent purported consent legally insufficient and therefore null and void"[.]

3. The circuit court erred in concluding in Conclusions of Law part III(C) and Order that because "[t]here is no possibility for an arrestee to know that the sanctions are solely administrative rather than criminal, much less exactly *what* those sanctions specifically are or even what they *may be*" it is "simply not possible" for an arrestee to give "'knowing' or 'intelligent'" consent[.]

We vacate the Suppression Order to the extent that it suppressed evidence regarding Ewart's breath test.

## I. Brief Background

On July 2, 2016, at 2:27 a.m., Ewart was pulled over by a Honolulu Police Department (**HPD**) officer for operating his vehicle without the headlights illuminated. Upon interacting with Ewart, the officer noticed that Ewart's eyes were bloodshot and glassy, and detected a strong odor of some kind of alcoholic beverage on Ewart's breath. After a field sobriety test was conducted, Ewart was arrested and taken to the Kapolei police station. After arriving at the police station, Ewart was read an HPD form entitled "Use of Intoxicants While Operating A Vehicle Implied Consent For Testing", form HPD-396K (R-11/15) (**Implied Consent Form**), which states in relevant part:

Pursuant to chapter 291E, [HRS], Use of Intoxicants While Operating a Vehicle, you are being informed of the following:

2

1. ___ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the person[']s breath, blood, or urine as applicable.

2. ___ You are not entitled to an attorney before you submit to any tests or tests to determine your alcohol and/or drug content.

3. ___ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content. If you do refuse, then none shall be given, except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you may be subject to up to the sanctions of 291E-65 if you are under 21 years of age at the time of the offense. In addition, you may also be subject to the procedures and sanctions under chapter 291E, part III.

As found by the Circuit Court, Ewart was asked "to follow along and initial the form to indicate that he understood what he was being told." Ewart initialed and signed the form, consenting to a breath test. The breath test was administered, and Ewart was charged with Habitual OVUII.

On August 10, 2016, Ewart filed a Motion to Suppress, and as is relevant here, asked the Circuit Court to "[suppress] and [preclude] from the use at trial . . . Breath Results based upon the violation of [Ewart's] rights under Article 1, Section 7 of the Hawai'i State Constitution" (**Motion to Suppress**), because the Informed Consent Form was misleading.[2]

On October 5, 2016, a hearing was held on the Motion to Suppress, and the Circuit Court orally granted Ewart's motion to the extent he sought to suppress evidence of his breath test. On October 10, 2016, the Circuit Court filed its written Findings of Fact, Conclusions of Law, and Order. The Circuit Court determined, as to the breath test, that: the consent from Ewart was illegally obtained because HRS §§ 291E-11 and 291E-15, read in *pari materia,* require that an arrested person first be given a completely unencumbered choice to refuse testing, and then if an arrestee refuses, it is only then that the arrestee must be

___

[2] In that same motion, Ewart moved to suppress a statement he made to a police officer and the results of the field sobriety test. However, those issues are not raised in this appeal.

informed of possible sanctions for refusal and asked whether the arrestee still refuses to submit to testing; HRS § 291E-15(2) provides that the arrestee is not subject to refusal sanctions if this procedure is not followed; consent may not be burdened by the threat of any significant sanctions; and the Implied Consent Form did not make it clear what the sanctions were specifically, or that they were solely administrative and not criminal. The Circuit Court thus granted Ewart's motion to the extent that it sought suppression of all evidence regarding the breath test.

## II. Discussion

Recently, in a very similar case, our court decided identical issues. See State v. Hosaka, 144 Hawai'i 420, 421, 443 P.3d 112, 113 (App. 2019), cert. granted, No. SCWC-16-0000716, 2019 WL 4733560 (Sept. 27, 2019). In Hosaka, defendant Troy Hosaka (**Hosaka**) was arrested and then charged with the offenses of Habitual OVUII and Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-62(a)(2) (Supp. 2016). After his arrest, Hosaka was read the same HPD Implied Consent Form used in the present case,[3] and Hosaka agreed to take a breath test. Id. at 421-22, 443 P.3d at 113-14.

Hosaka filed a motion to suppress his breath test results at trial. Id. at 422, 443 P.3d at 114. Hosaka asserted arguments similar to this case, including that the Implied Consent Form did not follow the procedure required by HRS §§ 291E-11 (2007) and 291E-15 (Supp. 2015), and therefore, his consent was involuntary and the test constituted a warrantless search. Id.

The trial court in Hosaka suppressed Hosaka's breath test results based on similar grounds as in the present case. Id. The State appealed, and this court vacated the suppression

---

[3] In both this case and Hosaka, the form utilized by police was form HPD-396K (R-11/15).

4

of the breath test evidence. Id. at 428, 443 P.3d at 120. This court ruled, in pertinent part that:

> Based on our reading of HRS §§ 291E-11 and 291E-15, read in pari materia, and our interpretation of the legislative intent behind these statutes, we conclude that the Implied Consent Form did not comport with the procedure set forth in HRS §§ 291E-11 and 291E-15 because it did not provide an initial opportunity for Hosaka to refuse to submit to testing before being informed of possible sanctions.

Id. at 426, 443 P.3d at 118. However, we further held that the suppression of the breath test was not a proper remedy. Id. at 426-28, 443 P.3d at 118-20. Specifically, we explained in Hosaka:

> We do not agree with Hosaka's interpretation of HRS § 291E-15 as barring the imposition of sanctions where an arrestee was not given two distinct opportunities to refuse to submit to testing. Rather, we interpret the provision as barring the imposition of sanctions where the arrestee was not *informed of the sanctions*.
>
> . . .
>
> In this case, the Implied Consent Form did inform Hosaka of the possible sanctions and Hosaka was given an opportunity to refuse with that information in mind. The Implied Consent Form therefore complied with paragraphs (1) and (2) of HRS § 291E-15 and it correctly stated that sanctions may be imposed. Accordingly, the Implied Consent Form did not include inaccurate or misleading information about whether sanctions may be imposed and Hosaka's consent cannot be considered uninformed on this basis. Thus, the circuit court erred in granting Hosaka's Motion to Suppress on the basis that the Implied Consent Form contained inaccurate or misleading information because it did not comply with the procedure set forth in HRS §§ 291E-11 and 291E-15.

Id. at 426-27, 443 P.3d at 118-19 (footnote omitted) (emphasis in original).

Here, Hosaka is dispositive in favor of the State on its first point of error. That is, although the Implied Consent Form did not give Ewart an initial opportunity to refuse the breath test before he was informed about possible sanctions, this did not make his consent to the test null and void. As noted in Hosaka, the applicable statutes do not mandate that a breath test be suppressed where the two-step process is not followed. Indeed, as noted in Hosaka, and even in Ewart's answering brief, the statutory amendments to HRS § 291E-15 in 2006, which adopted the two-step process, were intended to simplify the implied

5

consent requirements by requiring a law enforcement officer to inform an arrested driver about sanctions that could be imposed for refusing a test only if the person withdraws the consent to testing that is implied by operating a vehicle on a public road. Hosaka, 144 Hawai'i at 425-26, 443 P.3d at 117-18; see also H. Stand. Comm. Rep. No. 762-06, in 2006 House Journal, at 1391-92; S. Stand. Comm. Rep. No. 3085, in 2006 Senate Journal, at 1494-95; S. Stand. Comm. Rep. No. 3303, in 2006 Senate Journal, at 1587; H. Stand. Comm. Rep. No. 310-06, in 2006 House Journal, at 1217-18. The legislative history for the 2006 amendments does not indicate an intent to suppress breath tests in criminal cases because law enforcement officers did not comply with the simplified two-step procedure.

We further note that the Circuit Court relied on State v. Wilson, 92 Hawai'i 45, 987 P.2d 268 (1999), in determining that, because the Implied Consent Form incorrectly informed Ewart about possible sanctions where the two-step process was not followed, the form was misleading and thus Ewart's consent was ineffective. In Hosaka, to the contrary, this court held that the Implied Consent form did not include inaccurate or misleading information about whether sanctions may be imposed. Hosaka, 144 Hawai'i at 426-27, 443 P.3d at 118-19. Further, this case is unlike Wilson, where it was undisputed that the defendant was misinformed about the sanction that would apply if he consented to testing and failed the test.

Hosaka is also dispositive in favor of the State as to its second and third points of error. Hosaka held that the Implied Consent Form advised the defendant about civil administrative sanctions and was consistent with State v. Won, 137 Hawai'i 330, 349 n.34, 372 P.3d 1065, 1084 n.34 (2015).

### III. Conclusion

Based on the foregoing, to the extent that the Circuit Court suppressed all evidence regarding the breath test, we vacate the "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Defendant's Motion to

Suppress Statement, SFST, and Breath Test" filed on October 10, 2016.  The case is remanded for further proceedings.

DATED:  Honolulu, Hawai'i, January 29, 2020.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellant.

James B. Lewis,
for Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge